## Fictitious Corporate Names (No. 2)

HARRY L. ROSSI, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, February 4, 1958.—You have asked for a clarification of official opinion no. 3, dated September 5, 1957, 13 D. & C. 2d 629, which discusses generally the Fictitious Corporate Name Act of July 11, 1957, P. L. 783.

You state that you are not certain as to whether or not corporations are to register under the said act where said corporations do business, or propose to do business, under a name which appears to be the proper name of an individual. For example, the hypothetical "XYZ, Inc.", a Pennsylvania corporation, or a foreign corporation duly qualified to do business in Pennsylvania, may propose to operate its business under the fictitious name of "John Smith's".

It is true, as stated on page 4 of official opinion no. 3, that the registration of a name which appears to be the

proper name of an individual may, or could, deceive the public into believing that the entity which assumes the name of an individual has unlimited liability. In view of this possibility we stated that, in our opinion, the interests of the public would be better served if no official recognition were given to the use of a name which was either calculated to deceive the public or if the public could be deceived by the use thereof. In reviewing our position as set forth in said opinion, however, we now feel that the opinion must be modified notwithstanding this possibility of deception, and that a proper name of an individual, when used by a corporation to do business in Pennsylvania, must be registered under the Fictitious Corporate Name Act for the following reason:

Section 5 of the act, supra, recites as follows:

"Registration.—No corporation alone, or in combination with any other entity, shall hereafter conduct any business in this Commonwealth under any fictitious name unless such corporation shall have first registered the fictitious name by filing in the Office of the Secretary of the Commonwealth, and in the office of the prothonotary of the county wherein the registered office of such corporation is located, an application on a form supplied or approved by the Secretary of the Commonwealth, containing the following information. . ."

The phrase "fictitious name" is defined in subsection (6) of section 2 of the act, supra, as follows:

"(6) 'Fictitious Name' Any assumed or fictitious name, style or designation other than the proper corporate name of the corporation using such name."

It is clear that when a corporation does business in Pennsylvania under the name of an individual and not in the proper corporate name of the corporation, the said corporation is assuming a fictitious name. If we do not permit the registration of such a name, because

of the reasons contained in official opinion no. 3, there would be no reason why a corporation could not use such a fictitious name. The act does not prohibit a corporation from using a fictitious name; it merely requires the registration thereof. If we decide that such a fictitious name is not within the purview of the registration provisions of this act, the corporation may use such name in accordance with the court decisions cited in official opinion no. 3 which said court decisions held that corporations can trade under assumed names other than their proper corporate names. Surely the Commonwealth should not be permitted to prosecute a corporation for its use of such a fictitious name under the penal provisions of this act if the Commonwealth prohibits the registration of such a name but not the use thereof.

The public could still be deceived into believing that the corporation using the name of an individual had unlimited liability, notwithstanding that we had not permitted the corporation to register such a name. Indeed, the Commonwealth might well share in the responsibility for such deception by refusing to register such a fictitious name.

Thus, while it may appear true that by prohibiting the registration of such a name, the law would appear to be preventing possible deception, the possibility of such deception cannot in this case outweigh the beneficial policy behind the Fictitious Corporate Name Act, supra. That policy is directed at protecting creditors and other persons who deal with corporations who had heretofore the right to conduct their business under assumed names without registering the same. The act will protect the inquiring public who deal with such corporations by furnishing said public with the information as to the true identity and status of an entity doing business in Pennsylvania under an assumed

name. To this extent the act will actually help to prevent deception.

You have inquired further as to the extent of the duties of the Office of the Secretary of the Commonwealth under the provisions of this act. In view of the above stated policy and because of the absence of any statutory expression to the contrary, it must be concluded that the Office of the Secretary of the Commonwealth is purely a recording office under the provisions of this act.

Where a corporation properly applies for registration of a fictitious name thereunder, it is the duty of the Secretary of the Commonwealth to accept such application for registration. In so doing, he has executed all of his duties and responsibilities under this act. It follows that the Secretary of the Commonwealth need not inquire as to the availability of a fictitious name for corporate use. Indeed, he may not even refuse to register a fictitious name because it is the same as, or deceptively similar to, a proper or fictitious name already utilized by another corporation.

It must be presumed that the legislature had notice that our courts have recognized a right in corporations to assume fictitious names notwithstanding the provisions of the Business Corporation Law of May 5, 1933, P. L. 364, sec. 202, as amended, 15 PS §2852-202, and the Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 202, as amended, 15 PS §2851-202. See court decisions cited in official opinion no. 3. If the legislature had intended to limit the use of fictitious names in this act, it must be correspondingly presumed that the legislature would have expressly done so. The doctrine of "expressio unius est exclusio alterius" is applicable.

If a conflict is created by prohibiting a corporation, for example, from using as its proper name the name of another corporation but not prohibiting it from

using as its fictitious name either the fictitious or proper name of another corporation, this conflict is for the legislature to resolve, not for the Department of Justice.

The use of a fictitious name by a corporation which is the same as, or deceptively similar to, a proper or fictitious name already utilized by another corporation is, furthermore, a matter involving the relative rights and duties between the corporate parties who are at liberty to seek redress for any actionable wrong as a result thereof. Such inquisitorial duties are not presently placed upon the Secretary of the Commonwealth.

Lastly, you request to be advised whether the provisions of section 5 of said act require each entity, acting in combination, to separately register a single fictitious name under which the combination intends to conduct business.

Section 5, hereinbefore set forth at length, requires only that a single application be filed by a corporation which, in combination with another entity, intends to conduct a business under a single fictitious name. No good purpose would be served by requiring separate applications to be filed by the corporation and each entity acting in combination since a single application will furnish the required information and the identity of the combination membership will be fully disclosed therein. Insistence upon separate applications would only tend to burden the recordation procedure and no additional benefits would be derived therefrom.

Of course, the application by such combination must be executed by the proper officers of the corporation as required by section 3 of the act, supra, and by the appropriate responsible individuals of the other entities to the combination. The noncorporate entities are not relieved from registration under other laws of this Commonwealth which also require the registration of fictitious names. See section 22 of the act, supra.

It is, therefore, our opinion, and you are accordingly advised that:

1. Corporations which assume the name of an apparent individual in the doing of business in Pennsylvania must register such name in accordance with the provisions of the Fictitious Corporate Name Act, supra.

2. The duty of the Secretary of the Commonwealth under said act extends only to acceptance of a proper application for registration thereunder and does not include any obligation to inquire into the availability of such fictitious name.

3. Only a single application for registration is required where a corporation in combination with another entity intends to use a single fictitious name in the conduct of a business, providing the application is executed by the proper officers of the corporate parties thereto and by the appropriate responsible individuals of the other noncorporate entities.

4. In so far as it is inconsistent with this opinion, official opinion no. 3 is hereby overruled.